UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUSTEES OF THE LOCAL 531 PENSION
FUND,

                           Plaintiffs,

      against

MIDWOOD AMBULANCE & OXYGEN
SERVICE, INC.

                           Defendant.
-----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 16 2010
BROOKLYN OFFICE

Case No.: 10 1694

COMPLAINT

GARAUFIS, J.

J. ORENSTEIN, M.J.

      Plaintiffs, the Trustees of the Local 531 Pension Fund, by their attorneys, Cary Kane LLP, respectfully allege as follows:

## NATURE OF THE ACTION

      1. This is an action brought by fiduciaries to recover unpaid withdrawal liability within the meaning of Title IV of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Section 4001, *et seq.*, 29 U.S.C. §1301, *et seq.*

## JURISDICTION AND VENUE

      2. This Court has jurisdiction pursuant to Sections 502, 515, 4221(b)(1) and 4301(c) of ERISA, 29 U.S.C. §§1132, 1145, 1401(b)(1) and 1451(c).

      3. Venue properly lies in this judicial district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d).

## THE PARTIES

      4. Plaintiffs are the Trustees of the Local 531 Pension Fund (the "Fund") and have been, at all times material hereto, "fiduciaries" as defined by Section 3(21) of ERISA, 29 U.S.C. §1002(21), of "employee benefit plans" and "multi-employer plans" as defined by Sections 3(3)

22951

and 3(37) of ERISA, 29 U.S.C. §§1002(3), 1002(37). The Fund is administered in Brooklyn, New York at 2137-2147 Utica Avenue, 11234. The Fund is a collectively-bargained, jointly-trusteed fund organized and operating pursuant to the provisions of Section 302(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §186(c).

5. Upon information and belief, defendant Midwood Ambulance & Oxygen Service, Inc. ("Midwood Ambulance") has been, at all times material hereto, an "employer" "affecting commerce" as defined by Sections 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§152(2), (6), and (7).

6. Upon information and belief, Midwood Ambulance is a domestic corporation and is located at 1794 Coney Island Avenue, Brooklyn, New York 11230.

7. Upon information and belief, Midwood Ambulance also maintains an office at 2593 W. 13th Street, Brooklyn, New York 11223.

## FACTS UNDERLYING THE DISPUTE

8. For a period of years, Midwood Ambulance was obligated, pursuant to a series of collective bargaining agreements with Teamsters Local 531, to make regular contributions to the Fund on behalf of its employees.

9. Upon information and belief, in December 1997, the collective bargaining agreement between Midwood Ambulance and Local 531, as well as the collective bargaining agreement between Local 531 and the other employers then contributing to the Fund, was amended and Midwood Ambulance, as well as the other signatory employers then contributing to the Fund, was no longer obligated to make monthly contributions to the Fund.

22951

10. As a result of the amendment to the collective bargaining agreement, the Local 531 Pension Fund was terminated by a mass withdrawal, as set forth in Sections 4041A(a)(2) and 4219(c)(1)(D) of ERISA, 29 U.S.C. §§1341a(a)(2) and 1399(c)(1)(D).

11. As a result, Midwood Ambulance permanently ceased to have an obligation to make monthly contributions to the Fund on or around December 1, 1997, causing its complete withdrawal from the Fund within the meaning of Section 4203(a)(1) of ERISA, 29 U.S.C. §1383(a).

12. Plaintiffs thereupon requested the Fund's actuary to determine, pursuant to Sections 4211 and 4213 of ERISA, 29 U.S.C. §§1391, 1393, the withdrawal liability of the defendant to the Fund.

13. Pursuant to Section 4219(b)(1) of ERISA, 29 U.S.C. §1399(b)(1), the Fund, on or about March 27, 1998, initially notified the defendant of the amount of its withdrawal liability, the basis of the calculation thereof, the schedule of quarterly payments in accordance with which the liability was required to be paid, and demanded payment in accordance with the schedule.

14. Subsequently, the Fund's actuary calculated reallocation liability pursuant to Section 4219(c)(1)(D), 29 U.S.C. §1399(c)(1)(D), for all employers who had withdrawn from the Fund.

15. On or about January 27, 1999, the Fund, pursuant to Section 4202 of ERISA, 29 U.S.C. §1382, and Pension Benefit Guaranty Corporation regulations set forth at 29 C.F.R. §§4219.15 and 4219.16, notified the defendant of its reallocation liability, the basis of the calculation thereof, the schedule of quarterly payments in accordance with which the liability was required to be paid, and demanded payment in accordance with the schedule. The Fund's actuary determined the defendant's reallocated withdrawal liability to be $333,686.24.

16. The payment schedule set forth in the January 27, 1999 demand for payment provided for 130 quarterly payments of $5,311.39 each, and a final payment in the amount of $3,654.51.

17. Neither the defendant nor the Fund has initiated arbitration proceedings under Section 4221(a) of ERISA, 29 U.S.C. §1401(a), with regard to the Fund's determination of the amount of withdrawal liability owed by the Defendant.

18. Defendant has failed to make the payments that were due for the third and fourth quarters of 2009 and the first quarter of 2010, in accordance with the aforementioned schedule of payments due to the Fund toward the employer's withdrawal liability.

19. Pursuant to ERISA Section 4219(c)(2), 29 U.S.C. §1399(c)(2), the payments must be made regardless of any request for review or appeal of the determination of the liability or the payment schedule.

20. On November 12, 2009, March 1, 2010, and March 23, 2010, this office wrote to defendant to demand that it pay the unpaid quarterly installments toward its withdrawal liability. Defendant has failed and refused to tender payment.

21. The Fund is operated pursuant to its Trust Agreement (the "Trust Agreement"). The Trust Agreement provides that as a party to the collective bargaining agreement with the Union, an employer agrees to be bound by the terms of the Trust Agreement. The Trust Agreement also provides that the Trustees of the Fund may bring any action to recoup withdrawal liability due the Fund.

22. The Fund has adopted Rules and Regulations (the "Plan Rules") which provide that where, as here, the Trustees utilize proceedings to enforce collection of withdrawal liability, the Fund shall be entitled to reasonable attorneys' fees, litigation costs, and any and all other

22951

costs of the proceeding, as well as interest and liquidated damages equal to the greater of 20% of the unpaid withdrawal liability or the amount of interest due.

23. The Plan Rules also permit the Trustees to accelerate the entire amount of unpaid withdrawal liability under certain circumstances, including the employer's failure to pay quarterly installments on time, cessation of business, or other circumstances set forth in the Plan Rules.

24. The Trustees of the Fund have adopted a 5.6% interest rate for unpaid withdrawal liability.

25. Under Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), the terms of the Trust Agreement, and/or pursuant to rules adopted by the Fund, defendant is now in default of its withdrawal liability obligation.

## CAUSE OF ACTION

26. Pursuant to Sections 4219(c)(2) and 4219(c)(5) of ERISA, 29 U.S.C. §§1399(c)(2) and 1399(c)(5) of ERISA, because defendant has defaulted on its required withdrawal liability payments, the entire balance of $333,686.24, less any principal previously paid, is immediately payable.

27. Pursuant to Sections 4219(c)(5) and 4219(c)(6) of ERISA, 29 U.S.C. §§1399(c)(5) and 1399(c)(6), defendant is also liable to the Fund for interest due on the withdrawal liability.

28. Section 4301(b) of ERISA, 29 U.S.C. §1451(b), provides that a failure to make a withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution within the meaning of Section 515 of ERISA, 29 U.S.C. §1145.

29. Plaintiffs, by means of this action, seek to compel the defendant to pay withdrawal liability to the Fund as it would delinquent contributions under Section 515 of ERISA, 29 U.S.C. §1145.

30. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), defendant is liable to the Fund for the unpaid withdrawal liability, interest on the unpaid withdrawal liability, liquidated damages in an amount equal to the greater of the interest due or twenty percent (20%) of the unpaid withdrawal liability as provided under the Fund's plan documents, reasonable attorney's fees, costs of this action, and such other legal or equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and find defendant liable for $333,686.24, together with interest, liquidated damages, reasonable attorneys' fees, the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:   April 8, 2010

CARY KANE LLP

Rachel S. Paster (RP 1216)
1350 Broadway, Suite 1400
New York, New York 10018
(212) 868-6300

22951

29. Plaintiffs, by means of this action, seek to compel the defendant to pay withdrawal liability to the Fund as it would delinquent contributions under Section 515 of ERISA, 29 U.S.C. §1145.

30. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), defendant is liable to the Fund for the unpaid withdrawal liability, interest on the unpaid withdrawal liability, liquidated damages in an amount equal to the greater of the interest due or twenty percent (20%) of the unpaid withdrawal liability as provided under the Fund's plan documents, reasonable attorney's fees, costs of this action, and such other legal or equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and find defendant liable for $333,686.24, together with interest, liquidated damages, reasonable attorneys' fees, the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED: April 14, 2010

CARY KANE LLP

*[signature]*

Rachel S. Paster (RP 1216)
1350 Broadway, Suite 1400
New York, New York 10018
(212) 868-6300